## STERNS et v. STATE.

Ohio Appeals, 6th Dist., Sandusky Co.

No. 209. Decided Oct. 22, 1928.

### First Publication of This Opinion.

Syllabus by Editorial Staff.

AUTOMOBILES.

(50 Sb) Chattel mortgage given in good faith and for valuable consideration without notice to mortgagee that vehicle was being used or was to be used for illegal transportation of liquor, gives mortgagee, upon confiscation and sale of such automobile, lien upon funds arising from sale.

Stahl, Stahl & Stahl, Fremont, for Sterns, et.

G. C. Sheffler, Pros. Atty., Fremont, for State.

HISTORY:—Automotive Securities Company, as intervening petitioner, seeks lien upon fund arising from sale of confiscated automobile. Petition dismissed by Common Pleas. Petitioner prosecutes error. Judgment reversed and final judgment. No action in Supreme Court prior to date of this publication.

### STATEMENT OF FACTS.

Plaintiff in error, H. Sterns, otherwise called Louis Weinstein, pleaded guilty in the court below to a charge of possessing and transporting intoxicating liquors, and was adjudged to pay a fine. The court below further adjudged that the automobile in which the liquor was transported should be confiscated. The confiscated automobile was ordered sold and the liens against it paid from the fund arising from the sale. The sale was made and the proceeds of the sale brought into court. Thereafter an intervening petition was filed by The Automotive Securities Company and, upon hearing had, the intervening petition was dismissed at the costs of the petitioner and error was prosecuted to this court. This court reversed the judgment of the court below and remanded the cause for further proceedings, upon the ground that there was no proof that the intervening petitioner had any notice that the carrying vehicle was being used or was to be used for the illegal transportation of liquor. G. C. Section 6212-43. This court did not enter final judgment for plaintiff in error in that cause. An examination of the opinion of this court, which is found in Vol. 29 Court of Appeals Opinions, Sixth District, unreported, p. 264, discloses that there was pending in the court of common pleas of Lucas County, Ohio,

a replevin suit involving the same automobile, and that the ultimate rights of the parties might depend upon the outcome of that proceeding. Upon retrial of the cause the court below again entered judgment dismissing the intervening petition, and this petition in error is brought to reverse that judgment.

After the determination of the replevin case and the retrial of the cause in the court below, The Automotive Securities Company for a consideration received by it, sold, assigned and transferred to the plaintiff in error, Henry Weinstein, all right, title and interest it had in, to and under the chattel mortgage upon which the intervening petition was based and in and to the funds arising from the sale of the automobile under the order of the court.

WILLIAMS, J.

The assignment in question transferred all rights of the original intervening petitioner to the plaintiff in error, Henry Weinstein, and as the evidence discloses that the chattel mortgage was given in good faith and for a valuable consideration without any notice on the part of the mortgagee that the carrying vehicle was being used or was to be used for the illegal transportation of liquor, the court below erred in dismissing the petition of the intervening petitioner and in finding that the assignee of the chattel mortgagee had no lien upon the fund.

The judgment of the court below will be reversed and final judgment entered in this court finding that the plaintiff in error, Louis Weinstein, under and by virtue of the chattel mortgage assigned to him, has a lien upon the fund in the court below, and that after the payment of costs, his claim shall be satisfied therefrom. (Richards and Lloyd, JJ., concur.)